# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DESHON SANDERS,**                                                                        **PETITIONER**

**V.**                                                 **NO. 4:05CV270-P-B**

**LAWRENCE KELLY, et al.,**                                       **RESPONDENTS**

## OPINION

This cause comes before the court on the petition of Deshon Sanders for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He states that he was convicted on March 4, 1994, in the Circuit Court of Sunflower County, Mississippi, of two counts of burglary. He further states that he was sentenced to 15 years in confinement. Yet, Petitioner does not challenge the conviction or sentence. Rather, he claims that the Mississippi Department of Corrections ("MDOC") has, without right or authority, deprived him of over seven years of earned time off for good behavior.

As noted above, Petitioner was incarcerated in March of 1994. At various times between 1994 and 2000, Petitioner was subjected to administrative discipline for violating the internal rules of the MDOC. These violations resulted in Petitioner forfeiting some accumulated earned time. In December of 2003, Petitioner filed a request for administrative relief asserting that the officials of the MDOC wrongfully revoked his earned time which has resulted in his wrongful incarceration. In other words, had his earned time not been revoked, he would have completed his sentence after serving seven and on-half years. Carrying this logic forth, Petitioner asserts that he has been illegally incarcerated from June 25, 2001 to the present.

On December 18, 2003, the MDOC rejected Petitioner's request for administrative relief finding that their had been a lapse of time of more than thirty days between the forfeit of his earned time and his initial grievance. On February 24, 2004, Petitioner filed a habeas corpus petition in the Circuit Court of Sunflower County which was denied as untimely and because he had failed to

exhaust his administrative remedies. Petitioner appealed the Circuit Court's decision to the Mississippi Court of Appeals which, in a well reasoned opinion of October 4, 2005, affirmed the lower courts ruling. The Court of Appeals specifically held that the MDOC properly denied the administrative request for relief because it was filed more than three years beyond the last incident resulting in a loss of earned time.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
>> (A) the date on which the judgment became
>> final by the conclusion of direct review
>> or the expiration of the time for seeking
>> such review;
>> (B) the date on which the impediment to
>> filing an application created by State
>> action in violation of the Constitution
>> or laws of the United States is removed,
>> if the applicant was prevented from filing
>> such State action;
>> (C) the date on which the constitutional
>> right asserted was initially recognized by
>> the Supreme Court, if the right has been
>> newly recognized by the Supreme Court and
>> made retroactively applicable to cases on
>> collateral review; or
>> (D) the date on which the factual predicate
>> of the claim or claims presented could have
>> been discovered through the exercise of due

> diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Consistent with the underlying Mississippi Court of Appeals decision, this court finds that Petitioner's request for relief is barred by the one-years statute of limitations under 28 U.S.C. § 2244(d)(1)(D). Petitioner knew that his earned time off was being revoked at the absolute latest on May 16, 2002, as evidence by a petition filed in this court. *See Deshon Sanders v. Sunflower County, Mississippi*, 4:02CV116 (order dismissing for failure to exhaust administrative remedies). Therefore, unless Petitioner properly filed an application for review on or before May 16, 2003, this habeas petition is untimely. This petition was filed on or near December 7, 2005; more than two years beyond the statute of limitations period. Consequently, it must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 24th day of August, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE